IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

BARRY WAYNE REGISTER                                                                             PLAINTIFF
ADC #80348

V.                                         NO.  5:06cv00109 GH-JWC

DR.  WASEEM SHAH, et al                                                                         DEFENDANTS

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### I.  Instructions

The following recommended disposition has been sent to United States District Court Judge George Howard, Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of these findings and recommendations.  A copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge  (if such a  hearing is granted)  was not  offered at  the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR  72201-3325

## II.  Recommended Disposition

By order entered June 14, 2006 (docket entry #30), the District Court directed that the Magistrate Judge appoint counsel to represent Plaintiff.  On July 10, 2006, Patricia Ann Mackey was appointed to represent Plaintiff in all further proceedings (see docket entry #39).  Plaintiff was directed to keep counsel informed of any changes in address, to maintain contact with counsel, and to cooperate fully with counsel in the preparation of his case.  He was further advised that his failure to do so may result in the dismissal of his case with prejudice for failure to comply with the Court's orders.  On July 25, 2006, Hal Joseph Kemp was appointed as co-counsel (see docket entry #47).  Plaintiff was again advised of his responsibilities to co-counsel.

On September 20, 2006, counsel Kemp informed the Court that he had had no success in establishing contact with Plaintiff.  A member of the Court's staff checked into Plaintiff's whereabouts. Apparently, Plaintiff was released from the Arkansas Department of Correction on July 6, 2006, and began reporting to probation officer Jim Wyles in Fayetteville. According to that office, on August 31, 2006, Plaintiff was arrested on

aggravated assault and terroristic threatening charges and at the time was incarcerated in the Washington County Detention Center. By order entered September 22, 2006 (docket entry #52), Plaintiff's counsel were directed to inform the Court on or before October 20, 2006, whether contact with Plaintiff had been established and whether Plaintiff wished to proceed with his lawsuit in light of his release from the Arkansas Department of Correction. In addition, counsel was directed to forward a new in forma pauperis application to Plaintiff at the Washington County Detention Center. Plaintiff was directed to resubmit his request to proceed in forma pauperis on or before October 20, 2006, if he wished to proceed with his lawsuit. Plaintiff was once again advised of his responsibilities to co-counsel. Counsel sent the Court's September 22, 2006, order to Plaintiff. On October 31, 2006, Plaintiff complied with the Court's order by filing a response that indicated his intent to proceed (docket entry #57), as well as a new motion that attested to his continued in forma pauperis status (docket entry #58).

On October 30, 2006, co-counsel learned that Plaintiff had been released from custody of the Washington County Detention Center. Plaintiff failed to notify counsel of this change; however, counsel was able to obtain an address to reach Plaintiff. On November 17, 2006, counsel sent Plaintiff a letter by registered certified mail seeking his assistance in the preparation of his case, specifically, in responding to the pending motion to dismiss.[1] Plaintiff did not sign the return receipt. On November 20, 2006, Plaintiff

---

[1] On June 12, 2006, the Arkansas Department of Correction Defendants filed a motion to dismiss (or, in the alternative, a motion for summary judgment) and brief in support (docket entries #25, #26) seeking to dismiss Plaintiff's complaint on the grounds that he has failed to exhaust his administrative remedies, he has failed to state a claim upon which relief can be granted, and his claims are barred by the doctrines of sovereign and qualified immunity. Co-counsel indicated that they were unable to obtain medical records and other pertinent documentation from Plaintiff since his re-incarceration and subsequent release. For this reason, co-counsel were granted a final sixty (60) day extension in which to respond to Defendants' motion to dismiss (see docket entry #55). Plaintiff's response was due on or before December 18, 2006. While

contacted co-counsel's office and spoke briefly with Mr. Kemp's secretary. He would not leave a return telephone number nor would he give a time or a date that he would be available for a meeting with co-counsel. Since November 20, 2006, Plaintiff has failed to be and to remain in contact with co-counsel. Co-counsel have no means of reaching or communicating with Plaintiff which renders their continued representation impossible. For this reason, co-counsel have filed a motion to be relieved as appointed counsel (docket entry #64).

Despite numerous Court orders, Plaintiff has failed to maintain contact with counsel, he has failed to keep counsel informed of the changes in his address, and he has failed to cooperate fully with counsel in the preparation of his case. Furthermore, Plaintiff has been warned several times that his failure to fulfill these obligations may result in the dismissal of his case with prejudice. For these reasons, the Court recommends dismissal <u>without prejudice</u> due to Plaintiff's failure to prosecute the action diligently and his failure to comply with the Court's orders. Fed. R. Civ. P. 41(b) (district court may dismiss case for failure to prosecute or comply with court orders); <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 630-31 (1962) (district court has power to dismiss sua sponte under Rule 41(b)); <u>Brown v. Frey</u>, 806 F.2d 801, 803-04 (8th Cir. 1986) (quoting <u>Haley v. Kansas City Star</u>, 761 F.2d 489, 491 (8th Cir. 1985)) (a district court has the power to dismiss an action for the plaintiff's failure to comply with <u>any</u> court order; such a dismissal may be <u>with</u> prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff'") (emphasis added); <u>Garrison v. Int'l Paper Co</u>., 714 F.2d 757, 759 (8th Cir. 1983) (it is well

---

Plaintiff did provide counsel with his medical records during this extension period, he has been unavailable to counsel by any means since.

settled that the district court has inherent power, acting on its own initiative, to dismiss a cause of action with prejudice for want of prosecution).

### III. Conclusion

In accordance with the above, IT IS, THEREFORE, RECOMMENDED that:

1. Co-counsels' motion to be relieved as appointed counsel (docket entry #64) should be GRANTED.

2. Plaintiff's case should be DISMISSED IN ITS ENTIRETY WITHOUT PREJUDICE TO REFILING at such time that Plaintiff can properly pursue this matter.

3. Any PENDING MOTIONS should be DENIED AS MOOT.

DATED this 19th day of January, 2007.

_____
UNITED STATES MAGISTRATE JUDGE